IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
_____

REMO H. DANIELS,

      Plaintiff,                                                                 ORDER

  v.                                                                                          25-cv-720-wmc

ACACIA K. LEPKE, et al.,

      Defendants.
_____

    *Pro se* plaintiff Remo H. Daniels is incarcerated at Columbia Correctional Institution ("CCI"). (Pl.'s Am. Compl. (dkt. #4) at 1.) In his amended complaint, which has not yet been screened by this court pursuant to 28 U.S.C. § 1915A, he alleges that CCI staff failed to protect him from committing self-harm on two different occasions. (*Id*. at 1-2.) He then filed an emergency motion for a temporary restraining order and preliminary injunction, asking the court to mandate that defendants implement safety measures and a mental health treatment plan for him. (Dkt. #5.) In his motion and supporting declaration, he includes allegations related to the two instances described in his complaint, as well as another incident on October 5, 2025, in which he allegedly set his cell on fire after threatening to do so. (Dkt. #5 and Dkt. #6.)

    A preliminary injunction is "an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). To obtain a TRO or preliminary injunction, the plaintiff must show that (1) his underlying claim is likely to succeed on the merits, (2) no adequate remedy at law exists, and (3) he will suffer irreparable harm without

1

the injunction. *Wood v. Buss*, 496 F.3d 620, 622 (7th Cir. 2007). A preliminary injunction is not appropriate to guard against the "mere possibility of irreparable injury." *Orr v. Shicker*, 953 F.3d 490, 501 (7th Cir. 2020) (citing *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008)). The Prison Litigation Reform Act further limits the court's ability to grant preliminary injunctive relief to incarcerated persons, since "prisons officials have broad administrative and discretionary authority over the institutions they manage." *Westefer v. Neal*, 682 F.3d 679, 683 (7th Cir. 2012); 18 U.S.C. §3626(a)(2).

Here, plaintiff does not meet the high burden for granting preliminary injunctive relief. First, he fails to describe how his underlying claim is likely to succeed on the merits. Second, plaintiff does not establish that no adequate remedy at law exists for his alleged injuries, because he requests a remedy at law -- money damages -- for the two instances alleged in his complaint in which CCI staff failed to protect him from self-harm. Finally, plaintiff fails to show with sufficient certainty that CCI staff will fail to protect him from self-harm in the future such that preliminary injunctive relief is warranted. Although the court is sympathetic to plaintiff's ongoing struggle with self-harm and suicidal ideation, under the law, the court cannot impose the remedy that plaintiff seeks.

Therefore, it is ORDERED that plaintiff's motion for a temporary restraining order and preliminary injunction is DENIED. (Dkt. #5.)

Entered this 4th day of November, 2025.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge