IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

REMO DANIELS,

Plaintiff,

v.

OPINION AND ORDER

25-cv-720-wmc

ACACIA LEPKE,
SEAN WARCHALA,
JOHN P. KELLEY, and
LLOYD GORDON,

Defendants.

Plaintiff Reno Daniels, a state inmate representing himself, has been granted leave to proceed on Eighth Amendment deliberate indifference claims against four correctional officers at Columbia Correctional Institution. (Dkt. #15.) Specifically, plaintiff has alleged that on two occasions -- April 30 and June 15, 2025 -- defendants failed to protect him despite being made aware of his sincere threats to self-harm. (Dkt. #15.) Plaintiff has now moved for a temporary restraining order and a preliminary injunction to "ensure that [plaintiff] receive[s] the proper medical care" by requiring them to take him to a suitable doctor and carry out that doctor's orders. (Dkt. #24 at 1, 3.) Unfortunately, plaintiff has neither established that this relief is available on the claims in this lawsuit, nor complied with the court's procedures for requesting preliminary injunctive relief. Therefore, his motion will be denied.

To begin, "a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994). In particular, "[a]

motion for preliminary injunction is not a proper avenue to pursue additional claims." *Gonzalez v. Westover*, No. 20-cv-635-jdp, 2022 WL 5167762, at *1 (W.D. Wis. Oct. 5, 2022). To pursue such additional claims, a plaintiff "would have to file a new, separate civil rights action based on the new events and ask for injunctive and any other appropriate relief." *King v. Rutledge*, No. 24-cv-503-jdp, dkt. #10 (W.D. Wis. Nov. 27, 2024).

Here, the court granted plaintiff leave to proceed on claims that defendants failed to protect him during two specific incidents in April and June 2025, *not* on a claim challenging the adequacy of his mental healthcare more generally. Plaintiff's motion does not explain how his requested medical evaluation and treatment would address either of those incidents, much less address any ongoing misconduct that might further those claims. Neither does he identify any defendant who is currently disregarding a known risk of self-harm or preventing him from receiving necessary treatment. Finally, plaintiff does not allege that these correctional officers have authority to arrange the broader course of medical care he now seeks.

While plaintiff rightly emphasizes that a continuing deprivation of constitutional rights can constitute irreparable harm and that self-harm could result in his death (dkt. #24, at 2), that serious risk does not establish his requested relief is proper against *these* defendants in *this* action. If plaintiff wishes to pursue a claim concerning a separate, ongoing deficiency in his mental healthcare, therefore, he must bring *a separate lawsuit* identifying the responsible officials and their conduct. Under Federal Rule of Civil Procedure 8(a)(2), that complaint must contain "a short and plain statement of the claim

showing that the pleader is entitled to relief," with allegations that are "simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). In particular, plaintiff will need to explain what treatment he is currently receiving; what care he believes is being denied; who is responsible; what each person did (or failed to do); when and where those events occurred; and why they support a claim of deliberate indifference to his serious medical need in violation of the Eighth Amendment.

Finally, plaintiff has not complied with the court's procedures for seeking preliminary injunctive relief, which are available on the court's website or upon request. Those procedures require the movant to provide actual and immediate notice to the opposing party of a preliminary injunction motion. Further, the movant is required to establish the factual basis for a grant of relief by filing and serving: (1) a stipulation of those facts to which the parties agree; (2) a statement of record facts proposed by the movant; (3) a statement of those facts movant intends to prove at an evidentiary hearing; or (4) any combination of (1), (2), and (3). The movant is also required to present a "precisely tailored set of factual propositions" that are necessary to a decision in his favor in numbered paragraphs with cites to the evidentiary source of each proposition. As a result, even if plaintiff could show the required connection between his requested relief and the claims presently before the court in this action, his noncompliance with these procedures would also require denial.

ORDER

IT IS ORDERED that plaintiff Reno Daniels's motion for a temporary restraining order and preliminary injunction (dkt. #24) is DENIED and his motion for consideration (dkt. #28) is DENIED AS MOOT.

Entered this 25th day of November, 2026.

BY THE COURT:

/s/

WILLIAM M. CONLEY
District Judge